UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SANDRA COURTNEY f/k/a SANDRA WINDHAUSER, on behalf of herself and all others similarly situated | CLASS ACTION |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| SETERUS, INC. | |
| Defendant. | JURY TRIAL DEMANDED |

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  Plaintiff Sandra Courtney ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies resulting from Defendant's violations of the Fair Debt Collection Practices Act, 15 US.C. §1692 et seq., ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq., ("TCPA").  Plaintiff alleges that the Defendant violated the FDCPA by mailing deceptive, unfair and abusive letters to Plaintiff and others similarly situated.  Plaintiff alleges that the Defendant violated the TCPA by negligently and/or willfully contacting Plaintiff and others similarly situated on their cellular telephones without their prior express consent using an automatic telephone dialing service and/or artificial or prerecorded voice.

### II. JURISDICTION AND VENUE

2   Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 47 U.S.C.§227(b)(3), and 28 U.S.C. § 1331.

2.   Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

3.   The matters in controversy in this action exceeds $5,000.00, as members of the proposed FDCPA class are entitled to receive up to $500,000.0 in statutory damages, and the thousands of members of the proposed TCPA class are entitled to $1,500.00 in statutory damages for each call that has violated the TCPA.   Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(d)(2).   Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state.   Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

## III. PARTIES

4.   Plaintiff Sandra Courtney is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.   Sandra Courtney was formerly known as Sandra Windhauser.

6.   Defendant Seterus, Inc. ("Seterus") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7.   Seterus is actively engaged in the business of collecting debts allegedly owed by consumers through correspondence, telephone calls, and litigation.

8.   Seterus is a "debt collector," as that term is defined by 15 US.C.§1692a(6) of the FDCPA, in that it is regularly engaged in the collection of debts allegedly due to others, and the alleged debt was in default before Seterus obtained the right to attempt to collect the alleged debt.

9.   That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C.§153(32).

11. That at all times relevant herein, Defendant has regularly used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt that they acquired the servicing rights to collect upon from a creditor after the consumer had defaulted on that debt.

12. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C.§153(22).

13. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C.§153(43).

14. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

17. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

18. That Plaintiff signed a note and mortgage to the Bank of America, N.A in approximately March of 2006.  This debt will be referred to as "the subject debt."

19. The subject debt was secured by Plaintiff's real property known as 237 West Street, Albion, New York (hereinafter referred to as the "mortgaged premises").

20. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. That Plaintiff thereafter defaulted on the subject debt.

22. That on March 5, 2012, Plaintiff filed a Chapter 7 Bankruptcy petition in the United States Bankruptcy Court for the Western District of New York.  The case was assigned case number 2-12-20339-PRW.

23. Plaintiff listed the subject debt on the aforementioned bankruptcy petition on Schedule D of her petition as a secured debt.

24. That in her bankruptcy petition, Plaintiff declared that she intended to surrender the mortgaged premises.

25. That the Bank of America, N.A. was notified of Plaintiff's bankruptcy filing in due course by the Bankruptcy Court.

26. On June 14, 2012, the United States Bankruptcy Court for the Western District of New York granted Plaintiff a discharge under Section 727 of Title 11 of the United States Code.

27. That Plaintiff never signed a reaffirmation agreement relating to the subject debt.

28. That the aforementioned discharge legally discharged Plaintiff's personal obligation to pay Bank of America, N.A. the subject debt.

29. The Bank of America, N.A. was mailed a copy of the aforementioned discharge order by the bankruptcy court in due course.

30. That upon information and belief, on or about April 1, 2015, Seterus acquired the servicing rights to the subject debt.

31. On April 14, 2015, Seterus mailed Plaintiff a letter (annexed hereto as Exhibit A and incorporated herein by reference), which Plaintiff received and read, which informed Plaintiff that Seterus had acquired the servicing rights to the subject debt, including "the right to collect payments from you." The letter also contained a footnote stating the following disclosure (hereinafter referred to as "Seterus's bankruptcy disclosure"):

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THE LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH THE APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT.

32. That immediately upon receiving Seterus's April 14, 2016 letter, Plaintiff called Seterus and spoke to a representative. During that call, Plaintiff informed the representative that she had filed bankruptcy in 2012 and had discharged her obligation on the subject debt, demanded that they cease and desist any further communications with her, and refused to provide her telephone number to the representative when she was requested to do so.

33. On April 15, 2015, Seterus mailed Plaintiff a letter (annexed hereto as Exhibit B and incorporated herein by reference), that Plaintiff received and read, that was virtually identical to the letter they had mailed Plaintiff on April 14, 2016.

34. On April 16, 2015, Seterus mailed Plaintiff a letter, which Plaintiff received and read (annexed hereto as Exhibit C and incorporated herein by reference), which stated that they

wanted to help Plaintiff "minimize the negative impact of letting your loan continue in delinquency." The letter also contained:

A. On page one, the letter contained Seterus's bankruptcy disclosure.

B. On page two, the letter encouraged Plaintiff to call Seterus "right now to see what we can offer," and further stated in bold print that, **"You are still obligated to make all future payments as they become due while we are evaluating the type of assistance that may be available."** Seterus's bankruptcy disclosure did not appear on page two of the letter.

35. On April 20, 2016, Seterus mailed Plaintiff a letter (annexed hereto as Exhibit D and incorporated by reference), which Plaintiff received and read, which stated among other things that the "Total Amount of Your Debt" was $155,635.78. The letter also contained Seterus's bankruptcy disclosure.

36. On May 11, 2015, Seterus mailed Plaintiff a letter (annexed hereto as Exhibit E and incorporated herein by reference), which Plaintiff received and read, which stated among other things:

A. Plaintiff's hazard insurance covering the mortgaged premises had expired.

B. Seterus planned to buy insurance on the mortgaged premises.

C. **"You must pay us for any period during which the insurance we buy is in effect but you do not have insurance."**

D. In a footnote, on the first page of the letter contained Seterus's bankruptcy disclosure.

E. The letter stated on page three thereof that, "*You will be charged for the cost of this insurance if we do not receive adequate proof of coverage within 60 days of the date*

*of this letter."* Seterus's bankruptcy disclosure did not appear on page three of the letter.

37. On May 11, 2015, Seterus mailed Plaintiff a separate document (annexed hereto as Exhibit F and incorporated herein by reference) and labeled "IMPORTANT INSURANCE INFORMATION," which Plaintiff received and read, which informed Plaintiff that Seterus had obtained hazard insurance coverage on the mortgage on the mortgaged premises for ninety days at a cost of $1,766.85, and that "you will be charged for the policy premium." Seterus's bankruptcy disclosure did not appear on this document.

38. On May 18, 2015, Seterus mailed Plaintiff an account statement (annexed hereto as Exhibit G and incorporated by reference), which Plaintiff received and read, which stated among other things that the "Total Amount Due" on the subject debt was $75,990.01, that the "Payment Due Date" was June 1, 2015, and that "The information in this statement may not include allowable charges for services or expenses incurred, such as foreclosure costs, legal fees, and other expenses, permitted by your loan documents or applicable law, but that have not yet been billed to the loan. The account statement did not contain Seterus's bankruptcy disclosure.

39. On June 10, 2015, Seterus mailed Plaintiff a letter (annexed hereto as Exhibit H and incorporated herein by reference), which stated that they planned to buy insurance on the property, and that "You must pay us for any period during which the insurance we buy is in effect but you do not have insurance. Seterus's bankruptcy disclosure appears as a footnote to the letter.

40. Enclosed with the June 10, 2015 was a document (annexed hereto as Exhibit I and incorporated by reference herein) entitled "IMPORTANT INSURANCE INFORMATION." The documents stated that Seterus was taking steps to insure the mortgaged premises, and that

"*You will be charged the cost of this insurance if we do not receive adequate proof of coverage within 30 days from the date of this letter.*"   Seterus's bankruptcy disclosure does not appear on the document.

41. On June 16, 2015, Seterus mailed Plaintiff an account statement (annexed hereto as Exhibit J and incorporated by reference), which Plaintiff received and read, which stated among other things that the "Total Amount Due" on the subject debt was $77,709.79, that the "Payment Due Date" was July 1, 2015, and that "The information in this statement may not include allowable charges for services or expenses incurred, such as foreclosure costs, legal fees, and other expenses, permitted by your loan documents or applicable law, but that have not yet been billed to the loan.  The account statement did not contain Seterus's bankruptcy disclosure.

42. On July 15, 2015, Seterus mailed Plaintiff a letter (annexed hereto as Exhibit K and incorporated by reference), which Plaintiff received and read, which stated, among other things, "At your expense, we have purchased a lender placed hazard insurance policy to protect our interest in the property.   The premium cost for purchasing this insurance is shown on the attached policy declaration.  You are solely responsible for the repayment of this cost.  Seterus's bankruptcy disclosure was included as a footnote in the letter.

43. Included with the aforementioned July 15, 2015 letter was a "Residential Policy Declaration," (annexed hereto as Exhibit L and incorporated herein by reference) listing Plaintiff as the "Named Insured," which informed Plaintiff that Seterus had obtained hazard insurance coverage on the mortgage on the mortgaged premises for 4/1/2015 through 4/1/2016 at a cost of $1,766.85, and that "The above Mortgagee is authorized to advance all funds to be recovered from the Named Insured(s) for the insurance afforded."  Seterus's bankruptcy disclosure did not appear on this document.

44. On July 16, 2015, Seterus mailed Plaintiff an account statement (annexed hereto as Exhibit M and incorporated by reference), which Plaintiff received and read, which stated among other things that the "Total Amount Due" on the subject debt was $79,029.56, that the "Payment Due Date" was August 1, 2015, and that "The information in this statement may not include allowable charges for services or expenses incurred, such as foreclosure costs, legal fees, and other expenses, permitted by your loan documents or applicable law, but that have not yet been billed to the loan.  The account statement did not contain Seterus's bankruptcy disclosure.

45. On July 16, 2015, Seterus mailed Plaintiff an account statement (annexed hereto as Exhibit N and incorporated by reference), which Plaintiff received and read, which stated among other things that the "Total Amount Due" on the subject debt was $79,029.56, and that "The information in this statement may not include allowable charges for services or expenses incurred, such as foreclosure costs, legal fees, and other expenses, permitted by your loan documents or applicable law, but that have not yet been billed to the loan.

46. At the time of her original application for credit with Bank of America, N.A., Plaintiff did not list her current cellular telephone number with them.  In fact, she did not obtain her current cellular telephone number until approximately 2009.

47. Plaintiff did not list her current cellular telephone number in or on any other documents at any time during the transaction that resulted in the debt owed, nor did she verbally provide Bank of America, N.A. with her cellular phone number at any time during the transaction that resulted in the debt.  Additionally, at no time did Plaintiff provide Bank of America, N.A., Seterus, or their agents with her current cellular telephone number, nor did she consent to any collection or other types of telephone calls to be made to her cellular phone.

48. Plaintiff did not provide "express consent" allowing Bank of America, N.A., Seterus, or their agents to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C.§227(b)(1)(A).

49. Upon information and belief, Seterus and/or their agents obtained Plaintiff's cellular telephone number from a third party, by capturing the number using caller identification technology, and/or in another manner, but not from Plaintiff.

50. Between April of 2015 through June of 2015, Defendant initiated multiple telephone calls by using an "automated telephone dialing system" as defined by 47 U.S.C.§227(a)(1) and/or transmitted "an artificial or prerecorded voice" message as prohibited by the TCPA.  This ATDS has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

51. The telephone number Seterus and/or their agents called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1)(A).

52. Plaintiff did not provide Bank of America, N.A., Seterus, or any of their agents prior express consent to receive calls with an auto-dialer or by a prerecorded or artificial voice message on Plaintiff's cellular telephone pursuant to 47 U.S.C. §227(b)().

53. The telephone number that Seterus and their agents used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. §227(b)(1(A)(iii).

54. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

55. Seterus and their agents did not make telephone calls to Plaintiff's cellular telephone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. §227(b)(1)(A).

56. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Seterus and their agents to demonstrate that Plaintiff provided express consent within the meaning of the statute.

### III.    FIRST CAUSE OF ACTION-CLASS ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 ET SEQ.

### *Class Action Allegations*

57. Under the Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that the documents annexed to this complaint are mass mailed forms, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.   The principle questions presented by the FDCPA class action is whether the exhibited documents violated various provisions of the FDCPA as alleged in paragraph 66 of this complaint.

C. The only individual issue is the identification of the consumers who received the letter (i.e. the class members), a matter capable of ministerial determination from Defendant's records.

D. Plaintiff's claims are typical of those of the class members.   All are based on the same facts and legal theories.

E.     Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

58.     A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692(k).

59.     The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

60.     Prosecution of separate actions by individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

61.     If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COUNT I

**Violations of §§1692e, e(2)(A), e(5), e(10), f, and f(1) of the
Fair Debt Collection Practices Act**

62. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

63.  This cause of action is brought by Plaintiff individually and on behalf of a class of consumers with addresses within the United States, who:

A. incurred a note and mortgage, which Seterus was servicing;

B. had obtained a discharge of their indebtedness on the note and mortgage in a bankruptcy proceeding, and had not reaffirmed their indebtedness during said proceeding; and

C. within one year before the filing of this action;

D. were sent a debt collection letter by Seterus;

E. in a form material identical or substantially similar to one or more of the letters and other documents annexed to this complaint as exhibits that were sent to the Plaintiff; and

F. the letter was not returned by the postal service as undelivered.

64. Collection letters and the other documents annexed as exhibits to this complaint, such as those sent by Seterus, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

65. Upon information and belief, the letters, account statements, and other documents described in this complaint are forms containing language substantially similar or materially identical to that contained in the exhibits annexed to this complaint to thousands of consumers nationwide.

66. The foregoing acts and omissions of Seterus and their agents constitute numerous and multiple violations of the FDCPA, including but not limited to the following:

A. Seterus violated 15 U.S.C. §§1692e, 1692e(2(A), 1692e(5), 1692e(10) 1692f, and 1692f(1) by falsely representing that Plaintiff was personally liable to pay the subject debt, and that she was personally liable to reimburse Seterus for any premiums they incurred to insure the mortgaged premises, despite the fact that Plaintiff did not personally owe these sums because the subject debt had been discharged in bankruptcy; and

B.  Seterus violated 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10) by misrepresenting the amount of the subject debt in their account statements mailed to the Plaintiff.

67. Seterus's violations of 15 U.S.C. §§*et esq.,* render it liable to Plaintiff and the members of the class.

68. As a result of Seterus's deceptive and unfair debt collection practices, they are liable to Plaintiff and the members of the class.

69. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## VI.     SECOND CAUSE OF ACTION-CLASS ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT 27 U.S.C. §227 ET SEQ.

### *Class Action Allegations*

70.  Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

71.  Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the Class").

72. Plaintiff represents, and are members of, the Class, consisting of:

(a)      All persons within the United States, (b) who, on or after April 16, 2012 (four years prior to the filing of this action) (28 U.S.C. §1658, (c) received any telephone calls from Seterus or their agents to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, (d) which call was not made for emergency purposes, or (e) where Seterus's records do not show that the person provided the number to Seterus or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

73. Defendant and their employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believe the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

74. Plaintiff and members of the class were harmed by the acts of Seterus and their agents in at least the following ways:  Seterus, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones, by using an automated telephone dialing system and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Seterus and their agents during those illegal calls, and invading the privacy of said Plaintiff and the class members.  Plaintiff and the Class members were damaged thereby.

75. This Count of this suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

76. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits to the parties and to the court.  The Class can be identified through Defendant's records or their agents' records.

77. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over the questions which may affect the individual Class members, including the following:

    (a)  Whether, within the four years prior to the filing of this Complaint, Seterus and their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    (b)  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    (c)  Whether Seterus and their agents should be enjoined from engaging in such conduct in the future.

78. As a person who received numerous calls to her cellular telephone initiated by an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the class.

79. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the unlawful and wrongful conduct by Seterus and their agents.  Absent a class action, the Class will continue to fact the potential for irreparable harm.  In addition, these violations of the law will be allowed to proceed without remedy and Seterus and their agents will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

80. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

81. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Seterus and their agents to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Seterus is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

82. Seterus and their agents have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

**Negligent violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq.**

83. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

84. The foregoing acts and omissions of Seterus and their agents constitute numerous and multiple negligent of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. §227 *et seq.*

85.  As a result of the negligent violations of 47 U.S.C. §227 *et seq.,* by Seterus, and their agent, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. §227(b)(3)(B).

86. Plaintiff and all Class members are also entitled to injunctive relief prohibiting such conduct violating the TCPA by Seterus and their agents in the future.

87. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## COUNT II

**Knowing and/or willfull violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq.**

88. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

89. The foregoing acts and omissions of Seterus and their agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. §227(b)(3).

90. As a result of Seterus's, and their agents', knowing and/or willful violations of 47 U.S.C. §227 *et seq.,* Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. §227(b)(3).

91. Plaintiff and all Class members are also entitled to injunctive relief prohibiting such conduct violating the TCPA by Seterus and their agents in the future.

92. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff prays that this Court grant the following relief in her favor, and on behalf of the members of all classes asserted herein, and that judgment be entered against the Defendant for the following:

A.  With respect to Plaintiff's First Cause of Action Under the Fair Debt Collection Practices Act, Plaintiff prays that this Court grant the following relief in her favor, and on behalf of the class, and that judgment be entered against Seterus for the following:

1.  Statutory damages as provided by 15 U.S.C.§1692(k) of the FDCPA;

2.   Attorneys' fees, litigation expenses and costs;

3.   A declaration that Defendant's forms mailed to Plaintiff as described in this

complaint violate the FDCPA;

4.   An order certifying this action to be a proper class action pursuant to Federal

Rules of Civil Procedure 23, establishing an appropriate Class and any Subclasses

the Court deems appropriate, findings that Plaintiff is a proper representative of

the Class, and appointing the lawyers representing Plaintiff as counsel for the

Class;

5.   Any other relief that this Court deems appropriate under the circumstances.

B.   With respect to Plaintiff's Second Cause of Action under the Telephone Consumer

Protection Act, Plaintiff prays that this Court grant the following relief in her favor,

and on behalf of the class, and that judgment be entered against Seterus and their

agents for the following:

1.   As a result of Defendant's, and their agents negligent violations of 47 U.S.C.

§227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory

damages for each and every call that violated the TCPA;

2.   As a result of Defendant's, and their agents negligent violations of 47 U.S.C.

§227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as

provided by statute, of up to $1,500.00 for each and every call that violated the

TCPA;

3.   Injunctive relief prohibiting such violations of the TCPA by Defendant and their

agents in the future;

4.   An award of attorneys' fees and costs to counsel for Plaintiff and the class;

5. An order certifying this action to be a proper class action pursuant to Federal Rules of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, findings that Plaintiff is a proper representative of the Class, and appointing the lawyers representing Plaintiff as counsel for the Class;

6. Any other relief that this Court deems appropriate under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION**

Dated:  April 15, 2016

/s/ Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Timothy Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, New York 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        sandrews@kennethhiller.com
        thiller@kennethhiller.com